UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAE J. PORCELLI, CAROLYN PORCELLI,
and RICHARD PORCELLI,

           Plaintiffs,

vs.                                         Case No. 2:07-cv-613-FtM-29DNF

ONEBEACON INSURANCE COMPANY, INC.,
f/k/a GENERAL ACCIDENT INSURANCE
COMPANY,

           Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant OneBeacon Insurance Company's ("OneBeacon") Motion to Dismiss Complaint (Doc. #8) filed on October 26, 2007. Plaintiffs Mae J. Porcelli, Carolyn Porcelli and Richard Porcelli (collectively, the "Porcellis") filed a Memorandum in Opposition (Doc. #13) on November 28, 2007, to which defendant filed a Reply (Doc. #18) on December 10, 2007. For the reasons set forth below, the Court finds that defendant's Motion to Dismiss should be denied.

**I.**

    In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th

Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of FED. R. CIV. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16. Dismissal is warranted if, assuming the truth of the factual allegations of the pleading, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiffs, the Porcellis, filed a one-Count Complaint (Doc. #1) against defendant OneBeacon, an insurance company doing business in the State of Florida with its principal place of business in Pennsylvania, asserting claims of: (1) "bad faith" failure to settle insurance claims pursuant to Florida Statutes § 624.155 (1999); (2) "unfair claims practices" pursuant to Fla. Stat. § 626.9541(1)(a) (1999); and (3) "unfair and deceptive trade practices" pursuant to FLA. STAT. § 626.9541(1)(i)(1999). (Doc. #1, ¶¶ 6, 12, 13, 17.)  Defendant asserts that plaintiffs' Complaint should be dismissed for two main reasons: plaintiffs filed a vague and factually deficient Complaint, and plaintiffs filed a facially insufficient Civil Remedy Notice of Insurer Violation ("Civil Remedy Notice"), pursuant to Florida Statute § 624.155(3).

Federal jurisdiction in this case is premised on diversity of citizenship, and the forum state is the State of Florida.  A federal court sitting in diversity applies the substantive law of the forum in which it sits.  LaTorre v. Connecticut Mut. Life Ins. Co., 38 F.3d 538, 540 (11th Cir. 1994); Cambridge Mut. Fire Ins. Co. v. Claxton, 720 F.2d 1230, 1232 (11th Cir. 1983); Erie R.R. v. Tompkins, 304 U.S. 64 (1938).  Thus, Florida's substantive law governs in this case.

In support of the claims in their Complaint, plaintiffs have attached exhibits, including a copy of the Civil Remedy Notice filed on or about February 18, 2002 (Doc. # 1-2); defendant's

letter response to the Civil Remedy Notice (Doc. # 1-3) dated March 22, 2002; and, defendant's letter of correspondence supplementing its initial response letter (Doc. # 1-4), dated April 22, 2002. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). Accordingly, the Court will take judicial notice of the above-referenced documents, as well as the Court's opinion in the underlying "breach of contract" case before Judge Covington, Mae J. Porcelli, Carolyn Porcelli, and Richard Porcelli vs. OneBeacon Insurance Company, f/k/a General Accident Insurance Company, Case No. 2:02-cv-303 ("Porcelli I").

### III.

According to the Court's findings in Porcelli I, plaintiffs entered into an insurance contract with OneBeacon to insure their residence and its contents, also purchasing supplemental "law or ordinance coverage" for potential expenses related to municipal compliance requirements. (Porcelli I, Doc. #74, pp. 1-2.) Subsequently, a water leak damaged the Porcellis' residence and

pursuant to their policy, plaintiffs filed a claim for "damages to the structure, personal property, additional living expenses and other coverages provided under the policy." (Doc. #1-2, p. 3; Porcelli I, Doc. #74, pp. 1-2.) When OneBeacon agreed to pay only a portion of the Porcellis' requested amount, plaintiffs filed a Civil Remedy Notice, on February 22, 2002. (Doc. #1-2; Doc. #13, p. 2.) As the dispute continued, plaintiffs filed a "breach of contract" suit in state court, in the Circuit Court of Charlotte County, which defendant removed to this Court, in the Middle District of Florida, on July 15, 2002. (Doc. #13, p. 2.) Meanwhile, on June 10, 2002, OneBeacon invoked the contractual appraisal provision, whereby plaintiffs and defendant sought the expertise of independent appraisers. (Id.) Upon appraisal, the parties and their respective appraisers disagreed on the monetary value of damage to the residence, as well as whether such damage was extensive enough to require that the residence be brought into compliance with local ordinances and laws of Charlotte County, Florida. (Id. at p. 2.) Consequently, an umpire was appointed, who evaluated both plaintiffs' and defendant's separate appraisals, ultimately determining: the total amount required to repair damages and compensate plaintiffs under their policy; that "sufficient damage existed to warrant compliance with local government building standards"; and that the additional costs associated with compliance should be incorporated into the overall appraisal amount to be paid by OneBeacon to plaintiffs. (Id.)

OneBeacon, instead, paid the remainder of the amount owed to the Porcellis under their basic policy, but refused to pay the amount owed for compliance costs, arguing that the contractual language required the Porcellis to "incur," or initially expend their own resources on, compliance-related costs before OneBeacon would be required to reimburse them. (Id. at p. 3.) In Porcelli I, the Court disagreed with OneBeacon's assertion, granting summary judgment in favor of plaintiffs and determining that defendant was immediately liable for the entire appraisal amount, including the estimated cost of compliance. (Id. at p. 4.) With the underlying "breach of contract" case closed, plaintiffs have now filed a "bad faith" civil action against OneBeacon.

**IV.**

In their Complaint, plaintiffs claim that defendants violated Florida Statutes §§ 624.155(1)(b)(1), 624.155(1)(b)(3), 626.9541(1)(a) and 626.954(1)(i). (Doc. #1, ¶¶ 6, 13.) Sections 624.155(1)(b)(1) and (3) of the Florida Statutes provide in relevant part:

> (1) Any person may bring a civil action against an insurer when such person is damaged:
>
> . . .
>
> (b) By the commission of any of the following acts by the insurer:
>
> 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests;

-6-

> . . . [and]
>
> 3. [F]ailing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

FLA. STAT. § 624.155(1)(b)(1), (3) (1999).

**A.**

In order to successfully plead a first-party cause of action for bad faith failure to settle a claim, an insured must fulfill the following requirements: (1) file a written Civil Remedy Notice; (2) obtain the favorable resolution of an underlying civil action for insurance benefits against the insurer[1]; and (3) allege both that "there has been a determination of the existence of liability on the part of the insurer" and "the extent of the plaintiff's damages."[2]

Plaintiffs claim the following in their Complaint: that they have filed a Civil Remedy Notice dated April 22, 2002 (id. at ¶ 8;

---

[1] "[A]n insured's underlying first-party action for insurance benefits against the insurer . . . must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So. 2d 1216, 1233 (Fla. 2006).

[2] "[B]oth the existence of liability and the extent of damages are elements of a statutory cause of action for bad faith [under FLA. STAT. §§ 624.155 and 626.9541] . . ." Progressive Select Ins. Co. v. Shockley, 951 So. 2d 20, 20-21 (Fla. 4th DCA 2007); see also Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991) ("Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle."); Dadeland, 945 So. 2d at 1234 (same); Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1275-76 (Fla. 2000).

Doc. #1-2); that the underlying contract claims have been resolved in their favor (Doc. #1, ¶ 11; Porcelli I, Doc. #74); and that plaintiffs have suffered damages as a direct and proximate result of defendant's actions, including, but not limited to: "[l]oss and damage to real and personal property in excess of policy limits," "lost interest and loss of use of money owed," "expenses for loss of use, lost rents and/or additional living expenses beyond the policy limits," and "expenses of consultants and experts, including umpire fees and cost of appraisal." (Doc. #1, ¶ 15.) The Court finds that the Complaint sufficiently alleges a *prima facie* cause of action for insurer "bad faith" under FLA. STAT. §§ 624.155 to survive a motion to dismiss.

**B.**

Defendant further argues that the Complaint as a whole is factually deficient and "wholly fails to provide OneBeacon fair notice of what [p]laintiffs' claim is and the grounds on which it rests." (Doc. #8, p. 4.) The Court disagrees. Plaintiffs assert in their Complaint that defendants engaged in various actions, including but not limited to: intentionally delaying claim adjustment, failing to timely and reasonably pay coverage, propagating misinformation about plaintiffs' policy rights and obligations, treating plaintiffs in a more obstructive manner after plaintiffs retained a public adjuster, continuing with unreasonable positions in adjustment and payment of the claim, misrepresenting facts, circumstances, the extent and amount of damages, invoking

policy provisions in an intimidating and harassing manner in order to coerce plaintiffs, failing to timely pay undisputed amounts, and using the services of substandard companies in the adjustment of the claim and repair of plaintiffs' property. (Doc. #1, pp. 3-5.) The Court finds that these allegations, even without the additional benefit of notice provided by virtue of the underlying case in Porcelli I, are clearly pled in sufficient detail to notify defendants of the nature of plaintiffs' claims, as required by Rule 8. E.g., Swierkiewicz, 534 U.S. at 512. Thus, the Court finds that the Complaint is pled in sufficient detail to survive a motion to dismiss.

C.

Finally, defendant raises the argument that because a first-party civil remedy for insurer bad faith is in "derogation of [Florida's] common law," any relevant statute must be strictly construed and its requirements closely followed. See Southern Attractions, Inc. v. Grau, 93 So. 2d 120 (Fla. 1956); Carlile v. Game & Fresh Water Fish Com., 354 So. 2d 362 (Fla. 1977); Florida Steel Corp. v. Adaptable Dev., Inc., 503 So. 2d 1232, 1234 (Fla. 1986); Ady v. American Honda Fin. Corp., 675 So. 2d 577, 581 (Fla. 1996). Accordingly, defendant asserts that plaintiffs' Civil Remedy Notice must adhere, in strict compliance, with Florida Statutes §§ 624.155(3)(a) and (b), which require the following:

> (3)(a) As a condition precedent to bringing an action under this section, the [Department of Insurance] and the authorized insurer must have been given 60 days' written

> notice of the violation. If the department returns a notice for lack of specificity, the 60-day time period shall not begin until a proper notice is filed.
>
> (b) The notice shall be on a form provided by the department and shall state with specificity the following information, and such other information as the department may require:
>
> 1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.
>
> 2. The facts and circumstances giving rise to the violation.
>
> 3. The name of any individual involved in the violation.
>
> 4. Reference to specific policy language that is relevant in the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.
>
> 5. A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

FLA. STAT. § 624.155(3)(a), (b) (1999). Defendant requests that the Complaint be dismissed because plaintiffs' Civil Remedy Notice is deficient on several grounds: (1) defendant was "never provided the 'cure' amount in the Civil Remedy Notice"; (2) plaintiffs failed to "state with specificity" the "facts and circumstances giving rise to the violation," pursuant to § 624.155(3)(b)(2); and, (3) plaintiffs failed to include "specific policy language relevant to the violation" in the Notice pursuant to § 624.155(3)(b)(4). (Id. at pp. 5-9.) The Court will briefly address each of these arguments in turn.

-10-

1.

First, OneBeacon claims that plaintiffs failed to provide the "cure" amount in the Civil Remedy Notice, and that such omission renders the Civil Remedy Notice invalid. The Court disagrees. "Neither <u>Blanchard</u> nor section [624.155(3)(b)] requires the allegation of a <u>specific amount</u> of damages. . . . It follows that there is no need to allege an award exceeding the policy limits to bring an action for insurer bad faith." <u>Imhof v. Nationwide Mut. Ins. Co.</u>, 643 So. 2d 617, 618 (Fla. 1994) (emphasis in original); <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v. LaForet</u>, 658 So. 2d 55 (Fla. 1995). Thus, the Court finds that, contrary to defendant's assertion, a specific cure amount is not necessary to validate a Civil Remedy Notice.

2.

Defendant also claims that the Civil Remedy Notice is invalid because plaintiffs failed to "assert the alleged violations with any factual specificity in violation of Florida Statute § 624.155(3)(b)." (Doc. #8, ¶ 10.) The Court disagrees. The form Civil Remedy Notice provides a space of several lines and the prompt, "Briefly describe the facts and circumstances giving rise to the violation." (Doc. #1-2.) In an attached Exhibit A to the Civil Remedy Notice (<u>id.</u>), plaintiffs state that they "suffered a water loss, covered under the policy of insurance," for which they "made claim for damages to the structure, personal property, additional living expenses and other coverages provided under the

policy"; and that the insurer "misrepresented the insured's duties after loss," "failed to pay amounts not in dispute," "failed to adjust the loss," "repeatedly failed to acknowledge communications," failed to "respond to communications," and "misrepresented coverage," among other allegations. Additionally, the Department of Insurance acknowledged receipt of plaintiffs' Civil Remedy Notice and verified the initiation of the sixty-day time period (Doc. #1-3) without "return[ing] [the] notice for lack of specificity," as provided under the statute for facially noncompliant Notices. Thus, the Court finds that the requirements of § 624.155(3)(b)(2) have clearly been satisfied.

### 3.

Finally, defendant claims that plaintiffs' failure to provide applicable policy language in their Civil Remedy Notice was a fatal omission pursuant to § 624.155(3)(b)(4), rendering the Complaint ineffective. On the Civil Remedy Notice form, the relevant prompt states, "Briefly reference the specific policy language that is relevant to the violation, if any." (Doc. #1-2.) In the small amount of space provided on the form, plaintiffs wrote, "Insured is unaware and unsure of the specific policy language, if any, that is relevant to the violations." (Id.) In their Memorandum in Opposition to OneBeacon's Motion to Dismiss (Doc. #13), plaintiffs claim that they requested a certified copy of the insurance policy from defendant OneBeacon on at least four occasions, beginning on January 17, 2002 (approximately one month prior to February 18,

2002, the date plaintiffs filed their Civil Remedy Notice). (Id., p. 15.) Under subsection 627.4137(1)(e), Florida Statutes (1993), an insurer is required to provide, among other things, a copy of the insured's insurance policy within thirty days of a written request by any claimant.[3] See United Auto. Ins. Co. v. Rousseau, 682 So. 2d 1229, 1229-30 (Fla. 4th DCA 1996) (holding that insurer's failure to provide claimant with a copy of insured's policy, as required by statute, disqualified insurer's affirmative defense based on claimant's failure to comply with conditions precedent stated in policy.).

According to the Porcellis, OneBeacon did not provide the requested certified copy of the policy to plaintiffs until April 10, 2002, several months after the Civil Remedy Notice was served and well after the statutory thirty-day deadline.[4] (Doc. #1-3, p. 1.) Defendant cannot now seek to nullify plaintiffs' bad faith claims by highlighting the lack of specific policy language in

---

[3]"Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:
. . .
(e) A copy of the policy."

FLA. STAT. § 627.4137(1)(e) (1993).

[4]OneBeacon did reference the Porcellis' policy number in the subject heading of its letter response to plaintiff's Civil Remedy Notice dated March 22, 2002, thereby indicating that it had knowledge of plaintiffs' policy. (Doc. #1-3, p. 1.)

plaintiffs' Civil Remedy Notice, when defendant failed to provide plaintiffs with a copy of the policy, as requested by plaintiffs and required by Florida statute.  See Figueroa v. United States Sec. Ins. Co., 664 So. 2d 1130 (Fla. 3d DCA 1995) (reversing grant of summary judgment in favor of insurer based on affirmative defense that insureds failed to timely meet requirement set forth in policy, where insureds agreed to comply with requirement upon receiving copy of policy, which insurer failed to provide).  The court in Figueroa held that, while insured's "failure to submit a sworn statement constitute[d] a material breach of the policy, . . . under the facts and circumstances of th[e] case," insurer's defense was compromised by its failure to provide insured with a copy of the policy).  Id.  Thus, the Court finds that OneBeacon is not entitled to dismissal of the case at this stage based on the lack of specific policy language in plaintiffs' Civil Remedy Notice.

Accordingly, it is now

**ORDERED**:

Defendant OneBeacon Insurance Company's Motion to Dismiss Complaint (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of July 2008.

JOHN E. STEELE
United States District Judge